FILED12 MAY '11 13:21USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH G. SESSIONS,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Civil No. 09-497-BR

OPINION AND ORDER

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus (#27).

## BACKGROUND

Petitioner is in the custody of the Oregon Department of Corrections pursuant to Lane County convictions on three counts of Rape in the First Degree, two counts of Sodomy in the First Degree, and one count each of Sodomy in the Second Degree, Rape in the Second Degree, Rape in the Third Degree, and Criminal Mistreatment. Petitioner does not contest the legality of his convictions and sentence here. Instead, Petitioner challenges an Oregon Board of Parole and Post-Prison Supervision ("Board") decision to defer his parole release date.

On January 5, 2005, the Board conducted a hearing regarding Petitioner's appropriateness for parole. Petitioner appeared by video conference. At the conclusion of the hearing, the Board members unanimously decided to defer Petitioner's parole release date for 24 months. The Board explained the basis for the decision as follows:

> The Board has received a psychological evaluation on [Petitioner] dated 11/16/2004.
>
> Based on the doctor's report and diagnosis, coupled with all the information that the Board is considering,

2 - OPINION AND ORDER -

> the Board concludes that [Petitioner] suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community.

Resp. Exh. 102, Att. 1, p. 2.

Petitioner sought administrative review of the Board's decision. He argued there was insufficient evidence in the record to support the Board's conclusion. The Board rejected Petitioner's claim. Resp. Exh. 102, Att. 2.

Petitioner sought leave to proceed on judicial review in the Oregon Court of Appeals on the ground that the Board erred in deferring his release on parole because substantial evidence did not support the Board's findings that Petitioner suffers from a present severe emotional disturbance constituting a danger to the community. The Oregon Court of Appeals denied Petitioner's request for leave to proceed with judicial review, and the Oregon Supreme Court denied review. Resp. Exhs. 108 and 110.

On May 1, 2009, Petitioner filed his habeas corpus action in this Court. His Amended Petition for Writ of Habeas Corpus alleges one claim for relief:

> Petitioner was denied his right to due process of law in violation of the Fourteenth Amendment to the United States Constitution in the following particular: In its January 5, 2005 Board Action # 13, the Oregon Board of Parole lacked the Constitutionally requisite quantum of evidence necessary to defer [Petitioner's] release on parole.

3 - OPINION AND ORDER -

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing Williams, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by

4 - OPINION AND ORDER -

the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

## DISCUSSION

In *Swarthout v. Cooke*, 131 S.Ct. 859 (2011), the Supreme Court recently explained the correct legal test for determining whether a prisoner's due process rights have been violated by a state court decision approving of a parole board determination. In *Cooke*, the Court "instructed that the due process inquiry must be analyzed in two steps." *Roberts v. Hartley*, --- F.3d ---, 2011 WL 1365811, *3 (9th Cir., April 12, 2011) (citing *Swarthout*, 131 S.Ct. at 861.

The first step requires a federal court to "ask whether there exists a liberty or property interest of which a person has been deprived . . . ." *Swarthout*, 131 S.Ct. at 861. The second step

5 - OPINION AND ORDER -

requires a federal court to "ask whether the procedures followed by the State were constitutionally sufficient." *Id*. In the parole context, "the procedures required are minimal." *Id*. at 862. "Due process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard . . . and statement of the reasons why parole was denied.'" *Roberts*, 2011 WL 1365811 at *3 (quoting *Swarthout*, 131 S.Ct. at 862). There is no substantive due process right. *Id*.

Here, the Board provided Petitioner the opportunity to be heard at the January 5, 2005, hearing and then provided Petitioner with a written statement of the reasons why his parole release date was deferred. As such, Petitioner received all process due under *Swarthout*.[1] Accordingly, the state court decision denying Petitioner relief on his claim the Board lacked sufficient evidence to defer his parole release date was not contrary to or an unreasonable application of clearly established federal law, and Petitioner is not entitled to habeas corpus relief.

---

[1] Having concluded Petitioner was afforded the protection due under *Swarthout*, this Court need not decide whether Oregon law created a protected liberty interest in early release. *See Pedro v. Oregon Parole Bd.*, 825 F.3d 1396, 1398 (9th Cir. 1987) (conclusion that inmate received process due under prior Supreme Court decision on parole release relieved court of necessity of addressing existence of liberty interest). Further, because Petitioner is not entitled to habeas relief, the Court declines to address whether his claim was procedurally defaulted. 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

6 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus (#27) and **DISMISSES** this action.

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 11th day of May, 2011.

_____
ANNA J. BROWN
United States District Judge